Clifford P. Bendau, II
Bendau & Bendau PLLC
P.O. Box 97066
State Bar No. 030204
Fax: (480) 304-3805
cliffordbendau@bendaulaw.com
Phone: (480) 382-5176

Attorney for Plaintiff Winston

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Mildred Winston, on behalf of herself and others similarly situated, known and unknown,** | |
| Plaintiff, | Case No. |
| v. | **COLLECTIVE ACTION COMPLAINT** |
| **Aetna Life Insurance Company, a Connecticut corporation; and Aetna Inc., a Pennsylvania corporation,** | **Jury Trial Demanded** |
| Defendants. | |

Plaintiff Mildred Winston (herein "Plaintiff"), on behalf of herself and others similarly situated, known and unknown, files this Collective Action Complaint against Defendant Aetna Life Insurance Company ("Aetna Life"), a Connecticut corporation, and Defendant Aetna Inc., a Pennsylvania Corporation (herein collectively referred to as "Defendants"), and in support states the following:

**Nature of the Lawsuit**

1.      Defendants partner with health care providers and health insurance plans to improve the quality and cost of medical care.

1

2. Defendants employed Plaintiff and other non-management employees to perform utilization review and care coordination functions to reduce the costs of medical care under various "job titles" in Defendants' "Clinical – Nursing Job Family" that include one or more of the following terms or variations of those terms: (1) Registered Nurse/RN; (2) Case/Care Manager; (3) Case/Care Management; and/or (4) Utilization Review/Management (collectively, "Care Management Employees").[1]

3. Defendants paid Care Management Employees a salary.

4. Defendants' Care Management Employees regularly worked over 40 hours per work week.

5. Defendants classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

6. Defendants' Care Management Employees primarily performed non-exempt work, including collecting information to document insured individuals' medical circumstances; inputting medical information into Defendants' computer system; applying established criteria and guidelines to maximize utilization of plan resources; coordinating care by performing ministerial tasks such as arranging appointments, referrals, and obtaining necessary authorizations from members; providing members with additional resources and information about their health plan; and other similar work (collectively, "Care Management Work").

---

[1] This includes job titles that include the abbreviation "UM" (Utilization Management) or "UR" (Utilization Review).

7. Because Defendants' Care Management Employees primarily performed non-exempt work, Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay them overtime when they worked over 40 hours in individual workweeks.

## Jurisdiction and Venue

8. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law. 29 U.S.C. § 216(b).

9. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

## The Parties

10. Plaintiff Mildred Winston is an individual residing in Gilbert, Arizona.

11. Defendant Aetna Inc. is a Pennsylvania corporation.

12. Defendant Aetna Inc.'s principal place of business is in Hartford, Connecticut.

13. Defendant Aetna Life is a Connecticut corporation.

14. Defendant Aetna Life's principal place of business is in Hartford, Connecticut.

## Factual Allegations

15. In approximately February 2003, Plaintiff was hired by Schaller Anderson, Inc., a provider of health care management services, to work as a Utilization Review RN in Gilbert, Arizona.

16. Defendants later acquired Schaller Anderson, Inc.[2]

17. After the acquisition by Defendants, Plaintiff continued to work as a Utilization Review RN in Gilbert, Arizona for Defendants.

---

[2] "Aetna to Acquire Schaller Anderson," (May 24, 2007), *available at* http://www.myplanportal.com/news/2007/0524.htm.

3

18. Plaintiff worked for Defendants until October 2018.

19. During her employment with Defendants, Plaintiff primarily performed Care Management Work.

20. During her employment with Defendants, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

21. During her employment, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting, providing bedside nursing, or providing direct medical care to individuals.

22. Defendants required Plaintiff to work over 40 hours in one or more individual workweeks.

23. During her employment with Defendants, Plaintiff worked over 40 hours in one or more individual workweeks.

24. Defendants classified Plaintiff as exempt from the overtime provisions of the FLSA.

25. Defendants paid Plaintiff a salary.

26. When Plaintiff worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff overtime at one and one-half times her regular rate of pay.

27. Defendants are an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

28. Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

29. Defendant Aetna Inc. has had more than $500,000 in sales made or business done in each of the last three calendar years.

30. Defendant Aetna Life has had more than $500,000 in sales made or business done in each of the last three calendar years.

31. During her employment, Plaintiff was an "employee" of Defendant Aetna Inc. as defined by the FLSA in 29 U.S.C. § 203(e).

32. During her employment, Plaintiff was an "employee" of Defendant Aetna Life as defined by the FLSA in 29 U.S.C. § 203(e).

33. During her employment, Defendant Aetna Inc. was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

34. During her employment, Defendant Aetna Life was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

## Collective Action Allegations

35. Plaintiff brings her FLSA claim as a collective action.

36. Plaintiff's FLSA Consent Form is attached hereto as Exhibit A.

37. The Collective is defined as follows:

All individuals employed by Defendants as Care Management Employees over the last three years who received pay on a salary basis, worked over 40 hours per week in one or more individual workweeks, and who file consent forms to participate in this lawsuit ("Collective Action Members").

38. Plaintiff is similarly situated to the potential Collective Action Members because she was paid in the same manner and performed the same primary job duties they performed.

39. In the last three years, Defendants employed individuals who performed the same primary job duties as Plaintiff.

40. Of Defendants' employees who performed the same job duties as Plaintiff during the last three years, Defendants classified some or all of them as exempt from the overtime provisions of the FLSA and paid them a salary.

41. Of employees Defendants classified as exempt and who performed the same job duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

42. Defendants maintained one or more common job descriptions for Care Management Employees.

43. Defendants have names and addresses for potential Collective Action Members in their payroll or personnel records.

44. Defendants have email addresses for potential Collective Action Members in their payroll or personnel records.

45. Defendants have phone numbers for potential Collective Action Members in their payroll or personnel records.

46. Defendants are aware or should have been aware that the FLSA required them to pay Plaintiff and potential Collective Action Members overtime if they performed primarily non-exempt work.

**COUNT I**
**Violation of the Fair Labor Standards Act**
**(Collective Action)**

47. Plaintiff realleges and incorporates the previous paragraphs of this Complaint as if fully set forth in this Count.

48. This count arises from Defendants' violation of the FLSA by failing to pay Plaintiff and Collective Action Members overtime when they worked over 40 hours in individual workweeks.

49. During her employment with Defendants, Plaintiff was not exempt from the overtime provisions of the FLSA.

50. During their employment with Defendants, Collective Action Members were not exempt from the overtime provisions of the FLSA.

51. Plaintiff was directed by Defendants to work, and did in fact work, more than 40 hours in one or more individual workweeks in the prior three (3) years.

52. Other potential Collective Action Members were directed by Defendants to work, and did in fact work, over 40 hours in one or more individual workweeks in the prior three (3) years.

53. Defendants paid Plaintiff a salary and no overtime compensation.

54. Defendants paid other Collective Action Members a salary and no overtime compensation.

55. Defendants violated the FLSA by failing to pay Plaintiff overtime at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

56. Defendants' violations of the FLSA were willful.

WHEREFORE, Plaintiff seeks a judgment against Defendants as follows:

A. All unpaid overtime wages due to Plaintiff;

B. Liquidated damages equal to the unpaid overtime compensation due;

C. Prejudgment interest on the unpaid wages due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this litigation; and

E. Such other relief as the Court deems appropriate.

DATED this 12 day of July, 2019.

*/s/* Clifford P. Bendau, II

CLIFFORD P. BENDAU, II
The Bendau Law Firm, PLLC
P.O. Box 97066
State Bar No. 030204
Fax: (480) 382-5176
cliffordbendau@bendaulaw.com
Phone: (480) 382-5176

DOUGLAS M. WERMAN*
dwerman@flsalaw.com
Maureen A. Salas*
msalas@flsalaw.com
Sarah J. Arendt*
sarendt@flsalaw.com
Zachary C. Flowerree*
zflowerree@flsalaw.com
Werman Salas P.C.
77 West Washington St., Suite 1402
Chicago, Illinois 60602
(312) 419-1008

TRAVIS M. HEDGPETH
The Hedgpeth Law Firm, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
P: (281) 572-0727
travis@hedgpethlaw.com

JACK SIEGEL*
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiff**