Kent Brockelman (009627)
Jill J. Chasson (19424)
COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1900
Phoenix, AZ  85004
Telephone: (602) 381-5477
kbrockelman@cblawyers.com
jchasson@cblawyers.com

Michael J. Puma (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Telephone: 215.963.5000
michael.puma@morganlewis.com

Lauren E. Marzullo (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre
Thirty-Second floor
Pittsburgh, PA  15219-6401
Telephone: 412.560.3300
lauren.marzullo@morganlewis.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mildred Winston, on behalf of herself and others similarly situated, known and unknown,<br><br>*Plaintiff*,<br><br>v.<br><br>Aetna Life Insurance Company, a Connecticut corporation; and Aetna Medicaid Administrators LLC, an Arizona company,<br><br>*Defendants*. | Case No. 2:19-cv-04703-PHX-JJT |

**DEFENDANTS' ANSWER AND DEFENSES
IN RESPONSE TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Aetna Life Insurance Company and Aetna Medicaid Administrators LLC, (collectively, "Aetna" or "Defendants"),[1] by and through their undersigned counsel, hereby submit their Answer and Defenses in Response to Plaintiff's First Amended Complaint ("Complaint") filed by Plaintiff Mildred Winston ("Plaintiff") in accordance with the numbered Paragraphs thereof as follows:

**Nature of the Lawsuit[2]**

1.  Defendants partner with health care providers and health insurance plans to improve the quality and cost of medical care.

    **RESPONSE:** Defendants deny the vague allegations in Paragraph 1 of the Complaint.

2.  Defendant Aetna Medicaid is in the business of providing managed care services for its health plan customers.

    **RESPONSE:** Defendants deny the vague allegations in Paragraph 2 of the Complaint.

3.  Defendants employed Plaintiff and other non-management employees ("Care Management Employees") to provide ongoing, day-to-day utilization review and case management services to its health plan customers.

    **RESPONSE:** Except to admit that Aetna Medicaid Administrators LC employed Plaintiff under the job title "Utilization Management Clinical Consultant," Defendants

---

[1] As discussed in the Joint Stipulation filed by the parties at Dkt. 20, Plaintiff was employed by Aetna Medicaid Administrators, LLC and not Aetna Life Insurance Company. Therefore, the parties have agreed to dismiss Aetna Life Insurance Company from this matter without prejudice.

[2] For the Court's convenience, Defendants restate the Headings used in the Complaint, but do not admit the substance of any of those Headings.

2

deny the allegations in Paragraph 3 of the Complaint.

4. Defendants employed Plaintiff and other Care Management Employees to perform case management and utilization management job duties under various job titles in Defendants' "Nursing Career" category of jobs – which were previously classified under Defendants' "Clinical – Nursing" job family – that include one or more of the following terms or variations of those terms: (1) "Nurse"; (2) "Case/Care Manager"; and/or (3) "Utilization."

**RESPONSE:** Except to admit that Aetna Medicaid Administrators, LLC employed Plaintiff as a Utilization Management Clinical Consultant, Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Defendants paid Care Management Employees a salary.

**RESPONSE:** Except to admit that Utilization Management Clinical Consultants are paid a salary, Defendants deny the allegations in Paragraph 5 of the Complaint.

6. Defendants' Care Management Employees regularly worked over 40 hours per workweek.

**RESPONSE:** Defendants deny the allegations in Paragraph 6 of the Complaint

7. Defendants classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in individual workweeks.

**RESPONSE:** Except to admit that Utilization Management Clinical Consultants are classified as exempt under federal and state overtime laws, Defendants deny the allegations in Paragraph 7 of the Complaint and specifically deny that Defendants failed to compensate any employees consistent with the applicable federal and state laws.

8. Defendants' Care Management Employees primarily performed non-exempt work, including collecting information to document insured individuals' medical circumstances; inputting medical information into Defendants' computer system; applying established criteria and guidelines to maximize utilization of plan resources; coordinating care by performing ministerial tasks such as arranging appointments,

3

referrals, and obtaining necessary authorizations from members; providing members with additional resources and information about their health plan; and other similar work (collectively, "Care Management Work.")

**RESPONSE:**  Defendants deny the allegations in Paragraph 8 of the Complaint.

9. Because Defendants' Care Management Employees primarily performed non-exempt work, Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay them overtime when they worked over 40 hours in individual workweeks.

**RESPONSE:**  Defendants deny the allegations in Paragraph 9 of the Complaint.

## Jurisdiction and Venue

10. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's FLSA claims arise under federal law.  29 U.S.C. § 216(b).

**RESPONSE:**  Defendants aver that the allegations in Paragraph 10 of the Complaint are conclusions of law to which no response is required.

11. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**RESPONSE:**  Defendants aver that the allegations in Paragraph 11 of the Complaint are conclusions of law to which no response is required.

## The Parties

12. Plaintiff Mildred Winston is an individual residing in Gilbert, Arizona.

**RESPONSE:**  Except to admit that Aetna Medicaid Administrators LLC's records indicate that the last known address for Plaintiff is in Gilbert, Arizona, Defendants deny the allegations in Paragraph 12 of the Complaint.

13. Defendant Aetna Life is a Connecticut corporation.

4

**RESPONSE:** Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Defendant Aetna Life's principal place of business is in Hartford, Connecticut.

**RESPONSE:** Defendants admit the allegations in Paragraph 14 of the Complaint.

15. Defendant Aetna Medicaid is an Arizona company.

**RESPONSE:** Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendant Aetna Medicaid's principal place of business is in Phoenix, Arizona.

**RESPONSE:** Defendants admit the allegations in Paragraph 16 of the Complaint.

## Factual Allegations

17. In approximately February 2003, Plaintiff was hired by Schaller Anderson, LLC, a provider of health care management services, to work as a Utilization Review RN in Gilbert, Arizona.

**RESPONSE:** Except to admit that Plaintiff was hired by Schaller Anderson, Inc. in or around February 2003 in Gilbert, Arizona, Defendants deny the allegations in Paragraph 17 of the Complaint.

18. Defendants acquired Schaller Anderson, LLC in approximately 2007.

**RESPONSE:** Defendants deny the allegations in Paragraph 18 of the Complaint.

19. After the acquisition by Defendants, Plaintiff continued to work as a Utilization Review RN in Gilbert, Arizona for Defendants.

**RESPONSE:** Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Plaintiff worked for Defendants until October 2018.

**RESPONSE:** Except to admit that Plaintiff worked for Aetna Medicaid Administrators, LLC until October 2018, Defendants deny the allegations in Paragraph 20 of the Complaint.

21. During her employment with Defendants, Plaintiff primarily performed Care Management Work.

**RESPONSE:** Defendants deny the allegations in Paragraph 21 of the Complaint.

22. During her employment with Defendants, Plaintiff's job duties were routine and rote and did not include the exercise of discretion and independent judgment with respect to matters of significance.

**RESPONSE:** Defendants deny the allegations in Paragraph 22 of the Complaint.

23. During her employment, Plaintiff's job duties did not involve providing traditional nursing care in a clinical setting, providing bedside nursing, or providing direct medical care to individuals.

**RESPONSE:** Defendants admit the allegations in Paragraph 23 of the Complaint.

24. Defendants required Plaintiff to work over 40 hours in one or more individual workweeks.

**RESPONSE:** Defendants deny the allegations in Paragraph 24 of the Complaint.

25. During her employment with Defendants, Plaintiff worked over 40 hours in one or more individual workweeks.

**RESPONSE:** Defendants deny the allegations in Paragraph 25 of the Complaint.

6

26. Defendants classified Plaintiff as exempt from the overtime provisions of the FLSA.

**RESPONSE:** Except to admit that Plaintiff was classified as exempt from the overtime provisions of the FLSA, Defendants deny the allegations in Paragraph 26 of the Complaint.

27. Defendants paid Plaintiff a salary.

**RESPONSE:** Except to admit that Plaintiff was paid a salary, Defendants deny the allegations in Paragraph 27 of the Complaint.

28. When Plaintiff worked over 40 hours in individual workweeks, Defendants did not pay Plaintiff overtime at one and one-half times her regular rate of pay.

**RESPONSE:** Except to admit that Plaintiff, as an exempt employee, was not eligible for overtime, Defendants deny the allegations in Paragraph 28 of the Complaint and specifically deny that Defendants failed to compensate Plaintiff consistent with the applicable federal and state laws.

29. Defendants are an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

**RESPONSE:** Defendants aver that the allegations in Paragraph 29 of the Complaint are conclusions of law to which no response is required.

30. Defendants are an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

**RESPONSE:** Defendants aver that the allegations in Paragraph 30 of the Complaint are conclusions of law to which no response is required.

31. Defendant Aetna Medicaid has had more than $500,000 in sales made or business done in each of the last three calendar years.

**RESPONSE:** Defendants admit the allegations in Paragraph 31 of the Complaint.

32. Defendant Aetna Life has had more than $500,000 in sales made or business done in each of the last three calendar years.

**RESPONSE:** Defendants admit the allegations in Paragraph 32 of the Complaint.

33. During her employment, Plaintiff was an "employee" of Defendant Aetna Medicaid as defined by the FLSA in 29 U.S.C. § 203(e).

**RESPONSE:** Defendants aver that the allegations in Paragraph 33 of the Complaint are conclusions of law to which no response is required.

34. During her employment, Plaintiff was an "employee" of Defendant Aetna Life as defined by the FLSA in 29 U.S.C. § 203(e).

**RESPONSE:** Defendants deny the allegations in Paragraph 34 of the Complaint.

35. During her employment, Defendant Aetna Medicaid was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

**RESPONSE:** Defendants aver that the allegations in Paragraph 35 of the Complaint are conclusions of law to which no response is required.

36. During her employment, Defendant Aetna Life was Plaintiff's "employer" as defined by the FLSA in 29 U.S.C. § 203(d).

**RESPONSE:** Defendants deny the allegations in Paragraph 36 of the Complaint.

## Collective Action Allegations

37. Plaintiff brings her FLSA claims as a collective action.

**RESPONSE:** Except to admit that Plaintiff purports to bring this action as a collective action pursuant to the FLSA as described in Paragraph 37 of the Complaint,

Defendants deny the allegations in Paragraph 37 of the Complaint and deny that Plaintiff's claims are amenable to collective action adjudication.

38. Plaintiff's FLSA Consent Form is attached hereto as Exhibit A.

**RESPONSE:** Except to aver that the Consent Form attached to the Complaint as Exhibit A is a written document, the terms of which speak for themselves, Defendants deny the allegations in Paragraph 38 of the Complaint and deny that Plaintiff's claims are amenable to collective action adjudication.

39. The Collective is defined as follows:

> All individuals employed by Defendants as Care Management Employees over the last three years who received pay on a salary basis, worked over 40 hours per week in one or more individual workweeks, and who file consent forms to participate in this lawsuit ("Collective Action Members").

**RESPONSE:** Except to admit that Plaintiff purports to assert an FLSA claim on behalf of herself and a collective of other allegedly similarly situated individuals, Defendants deny the allegations in Paragraph 39 of the Complaint and specifically deny that Plaintiff is similarly situated to any other employees of Defendants and that a collective action is appropriate for her FLSA claim.

40. Plaintiff is similarly situated to the potential Collective Action Members because she was paid in the same manner and performed the same primary job duties they performed.

**RESPONSE:** Defendants deny the allegations in Paragraph 40 of the Complaint.

41. In the last three years, Defendants employed individuals who performed the same primary job duties as Plaintiff.

**RESPONSE:** Defendants deny the allegations in Paragraph 41 of the Complaint.

42.     Of Defendants' employees who performed the same job duties as Plaintiff during the last three years, Defendants classified some or all of them as exempt from the overtime provisions of the FLSA and paid them a salary.

**RESPONSE:**  Defendants deny the allegations in Paragraph 42 of the Complaint.

43.     Of employees Defendants classified as exempt and who performed the same job duties as Plaintiff in the last three years, some or all worked over 40 hours in individual workweeks.

**RESPONSE:**  Defendants deny the allegations in Paragraph 43 of the Complaint.

44.     Defendants maintained one or more common job descriptions for Care Management Employees.

**RESPONSE:**  Defendants deny the allegations in Paragraph 44 of the Complaint.

45.     Defendants have names and addresses for potential Collective Action Members in their payroll or personnel records.

**RESPONSE:**  Defendants deny the allegations in Paragraph 45 of the Complaint.

46.     Defendants have email addresses for potential Collective Action Members in their payroll or personnel records.

**RESPONSE:**  Defendants deny the allegations in Paragraph 46 of the Complaint.

47.     Defendants have phone numbers for potential Collective Action Members in their payroll or personnel records.

**RESPONSE:**  Defendants deny the allegations in Paragraph 47 of the Complaint.

48.     Defendants are aware or should have been aware that the FLSA required them to pay Plaintiff and potential Collective Action Members overtime if they performed primarily non-exempt work.

**RESPONSE:**  Defendants deny the allegations in Paragraph 48 of the Complaint.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

49. Plaintiff realleges and incorporates the previous paragraphs of this Complaint as if fully set forth in this Count.

**RESPONSE:** Defendants incorporate by reference all of their previous responses to the Complaint as though fully set forth herein.

50. This count arises from Defendants' violation of the FLSA by failing to pay Plaintiff and Collective Action Members overtime when they worked over 40 hours in individual workweeks.

**RESPONSE:** Defendants deny the allegations in Paragraph 50 of the Complaint and Defendants specifically deny that Plaintiff's claims are amenable to collective action adjudication or that Defendants violated the FLSA.

51. During her employment with Defendants, Plaintiff was not exempt from the overtime provisions of the FLSA.

**RESPONSE:** Defendants deny the allegations in Paragraph 51 of the Complaint.

52. During their employment with Defendants, Collective Action Members were not exempt from the overtime provisions of the FLSA.

**RESPONSE:** Defendants deny the allegations in Paragraph 52 of the Complaint and specifically deny that Plaintiff's claims are amenable to collective action adjudication.

53. Plaintiff was directed by Defendants to work, and did in fact work, more than 40 hours in one or more individual workweeks in the prior three (3) years.

**RESPONSE:** Defendants deny the allegations in Paragraph 53 of the Complaint.

11

54. Other potential Collective Action Members were directed by Defendants to work, and did in fact work, over 40 hours in one or more individual workweeks in the prior three (3) years.

**RESPONSE:** Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants paid Plaintiff a salary and no overtime compensation.

**RESPONSE:** Except to admit that Plaintiff was classified as exempt, was paid a salary, and as an exempt employee, was not eligible for overtime, Defendants deny the allegations in Paragraph 55 of the Complaint.

56. Defendants paid other Collective Action Members a salary and no overtime compensation.

**RESPONSE:** Defendants deny the allegations in Paragraph 56 of the Complaint and specifically deny that Plaintiff's claims are amenable to collective action adjudication.

57. Defendants violated the FLSA by failing to pay Plaintiff overtime at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

**RESPONSE:** Defendants deny the allegations in Paragraph 57 of the Complaint.

58. Defendants' violations of the FLSA were willful.

**RESPONSE:** Defendants deny the allegations in Paragraph 56 of the Complaint

WHEREFORE, Plaintiff seeks a judgment against Defendants as follows:

 A. All unpaid overtime wages due to Plaintiff;
 B. Liquidated damages equal to the unpaid overtime compensation due;
 C. Prejudgment interest on the unpaid wages due;
 D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this litigation; and
 E. Such other relief as the Court deems appropriate.

**RESPONSE:** Defendants deny the allegations in the unnumbered "Wherefore" paragraph of the Complaint regarding relief sought and its subparts (A) through (E) and specifically deny that Plaintiff and those she seeks to represent are entitled to any relief.

## **DEFENSES**

1. This Court lacks personal jurisdiction over Defendant Aetna Life with respect to the claims of potential Opt-In Plaintiffs who did not perform work for Defendant Aetna Life or its affiliates in the State of Arizona and who thus did not experience any supposed injury as a result of the alleged conduct of Defendant Aetna Life in the State of Arizona. *See Bristol-Myers Squibb Co. v. Superior Court of Cal., et al.*, No. 16-466, 137 S. Ct. 1773 (2017).

2. Plaintiff is not entitled to certification of this action as a collective action because the purported collective action definition is ambiguous and conclusory, Plaintiff and the purported collective action members she seeks to represent are not similarly situated to one another, Plaintiff's claims require individualized inquiries, and/or proof of damages would require separate trials.

3. Plaintiff's claim and/or the claims of some or all of the putative collective action members she seeks to represent are barred to the extent that they are subject to mandatory arbitration. The large majority of putative collective action members are obligated to arbitrate their claims.

4. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, by the applicable statute

13

of limitations. Plaintiff has failed to adequately plead and will be unable to meet her burden to prove a willful violation.

5. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, because she and/or those she seeks to represent have already received all compensation due to them under the FLSA.

6. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, because she and/or those she seeks to represent have sustained no injury or damages by reason of any act or omission by Defendants or their affiliates.

7. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, to the extent that she and/or those she seeks to represent were not employed by Defendants.

8. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, because Plaintiff and/or those she seeks to represent were at all relevant times exempt from the overtime requirements of federal law pursuant to, *inter alia*, the learned professional exemption, administrative exemption, and/or combination overtime exemptions.

9. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, as to all hours during which Plaintiff and/or those she seeks to represent were engaged in activities that were preliminary or postliminary to their principal job activities or otherwise not compensable (e.g., when they were engaged in personal activities).

10. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, by the *de minimis* doctrine.

11. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, as to all hours allegedly worked of which Defendants or their affiliates lacked actual or constructive knowledge.

12. Plaintiff and/or some or all of those putative collective action members she seeks to represent are not entitled to equitable relief insofar as Plaintiff and/or those she seeks to represent have an adequate remedy at law.

13. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, by the doctrine of laches, offset, and/or setoff.  Plaintiff and/or some or all of those she seeks to represent acquiesced to their classification as exempt and accepted generous salary compensation for years, regardless of the number of hours worked, in lieu of hourly pay.

14. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, because Plaintiff and/or those she seeks to represent failed to demand payment.

15. Plaintiff's claim and/or the claims of the putative collective action members she seeks to represent are barred, in whole or in part, to the extent that Plaintiff and/or those she seeks to represent failed to mitigate damages, entitlement to which is expressly denied.

16. Defendants' or their affiliates' alleged failure to pay overtime wages to Plaintiff and/or the putative collective action members she seeks to represent, which Defendants deny was unlawful, was based on a good faith and reasonable belief that the failure to pay such wages was not unlawful.

17. Defendants' or their affiliates' alleged failure to pay overtime wages to Plaintiff and/or the putative collective action members she seeks to represent, which Defendants deny was unlawful, was in good-faith conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice,

and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

18. If Defendants' or their affiliates' alleged failure to pay overtime wages to Plaintiff and/or the putative collective action members she seeks to represent was unlawful, although such is denied, none of Defendants' or their affiliates' actions or omissions with respect to Plaintiff and/or those she seeks to represent constitutes a willful violation of the law.

19. If Defendants' or their affiliates' alleged failure to pay overtime wages to Plaintiff and/or the putative collective action members she seeks to represent was unlawful, although such is denied, Plaintiff and/or those she seeks to represent cannot demonstrate facts sufficient to warrant an award of liquidated or exemplary damages.

20. To the extent any overtime wages are owed, which is denied, the proper measure of damages would be a half-time rate given that the salary of Plaintiff and/or some or all of the putative collective action members she seeks to represent compensated them for all hours worked.

21. Although Plaintiff is not similarly situated to other individuals, and this action may not proceed as a collective action, Defendants reserve the right to assert any of the above defenses as to any individual who files a consent to join in this action, or any putative collective action member.

**RESERVATION OF RIGHTS**

Given that Plaintiff seeks to join the claims of additional individuals as opt-in Plaintiffs, the identities of which are unknown at this point in light of Plaintiffs' overbroad and vague collective definition, Defendants reserve the right to amend their Answer and Defenses in Response to Plaintiff's First Amended Collective Action Complaint and to assert such additional defenses that may appear and prove applicable during discovery proceedings and their continuing fact investigation in this case.

| | | |
|---|---|---|
| 1 | Dated: September 6, 2019 | By: */s/ Michael J. Puma* |
| 2 | | Kent Brockelman (009627) |
| | | Jill J. Chasson (19424) |
| 3 | | COPPERSMITH BROCKELMAN PLC |
| | | 2800 North Central Avenue, Suite 1900 |
| 4 | | Phoenix, Arizona  85004 |
| 5 | | Telephone: (602) 381-5477 |
| | | Facsimile: (602) 224-6020 |
| 6 | | kbrockelman@cblawyers.com |
| 7 | | jchasson@cblawyers.com |

Michael J. Puma (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
michael.puma@morganlewis.com

Lauren E. Marzullo (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Oxford Centre
Thirty-Second floor
Pittsburgh, PA  15219-6401
Telephone: 412.560.3300
Facsimile: 412.560.7001
lauren.marzullo@morganlewis.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Michael J. Puma, hereby certify that a true and correct copy of the foregoing Defendants' Answer and Defenses in Response to Plaintiff's First Amended Complaint was served upon Plaintiff's counsel on September 6, 2019 via the Court's ECF system:

Clifford P. Bendau, II
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Zachary C. Flowerree
WERMAN SALAS P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602

Travis M. Hedgpeth
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056

Jack Siegel
SIEGEL LAW GROUP PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201

*Counsel for Plaintiff*

　　　　　　　　　*/s/ Michael J. Puma*
　　　　　　　　　Michael J. Puma